IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| TONY AUGUSTUS MALLET,<br><br>Petitioner,<br><br>v.<br><br>WARDEN JOHN AULT,<br><br>Respondent. | C 08-60 EJM<br><br>ORDER |

This matter is before the court on respondent's resisted Motion for Partial Summary Judgment, filed October 14, 2008. Granted. Parties shall file Answer and Reply as to remaining claims, briefing schedule shall then be established.

Petitioner, presently confined in the Iowa State Penitentiary in Fort Madison, Iowa, following his conviction for robbery, burglary, and possession of controlled substances, brings this petition pursuant to 28 USC §2254 challenging his conviction. The court has jurisdiction pursuant to 28 USC §1331.

First, petitioner raises the ground of ineffective assistance of counsel, including failure to request jury instructions on lesser included offenses, failure to object to cross examination, failure to move for a mistrial due to prosecutorial misconduct, and an ineffective objection to an amended trial information.

Second, he raises the ground of prosecutorial misconduct, including the prosecution's use of his silence for the purpose of impeachment, cross examination exceeding the scope of direct examination, and the prosecution's inquiry into trial strategy and defense theory which he asserts was protected by attorney-client privilege.

Third, petitioner asserts that the state court erred in ruling that his post-conviction relief application was not prejudiced by trial counsel's failure to timely challenge an amended trial information.

Fourth, petitioner claims ineffective assistance of counsel arising from his post-conviction counsel's failure to notify him of a court decision.

Respondent seeks partial summary judgment, asserting that as to the ineffective assistance of counsel claim in Ground 1 arising from the jury instruction issue and the amended trial information issue, and the ineffective assistance of counsel claim raised in Ground 3 arising from the amended trial information issue, petitioner failed to file a timely application for further review from an adverse decision of the Iowa Court of Appeals in his post-conviction appeal, and therefore those claims are procedurally defaulted, and not cognizable in this petition. Additionally, respondent asserts that petitioner's claim as to the ineffectiveness of counsel during state post-conviction proceedings is not cognizable in this federal habeas petition. 28 USC §2254(i).

Upon review, it appears undisputed that three ineffectiveness claims upon which respondent seeks partial summary judgment (one arising from the claim as to jury instructions and two others as to the amended trial information) were raised in petitioner's first post-conviction action, but that petitioner did not file a timely application for further review from an adverse decision by the Iowa Court of Appeals, and therefore they are procedurally defaulted as a result of failure to exhaust the available remedies in the Iowa courts. 28 USC §2254(b)(1(A). Further, in Ground 4, petitioner's claim as to the ineffectiveness of appellate counsel from his first post-conviction appeal is not cognizable under §2254. 28 USC §2254(i).

It is therefore

ORDERED

1. Motion for Partial Summary Judgment granted.

2. Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, respondent shall file an Answer as to the remaining claims by not later than Friday, April 24, 2009, and petitioner may file any reply thereto by not later than Friday, May 8, 2009. A briefing schedule shall then be established.

March 26, 2009.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT