IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| TONY AUGUSTUS MALLETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | C 08-60 EJM |
| v. ) | |
| ) | ORDER |
| WARDEN JOHN FAYRAM, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on a petition for writ of habeas corpus brought pursuant to 28 USC §2254 by petitioner, challenging the validity of his convictions. The court previously granted respondent's motion for partial summary judgment, and briefing on the remaining issues concluded on December 29, 2009. Denied.

Petitioner, presently confined in the Anamosa State Penitentiary in Anamosa, Iowa, upon his convictions for robbery, burglary, and possession of controlled substances, brings this petition pursuant challenging his conviction for burglary and robbery. The court has jurisdiction pursuant to 28 USC §1331.

As noted by the Iowa Court of Appeals in State of Iowa v. Mallett, 2002 WL 31757420 (IA App. 2002), petitioner and another individual were involved in a fight in Waterloo. Petitioner asserted the fight began as a result of the other individual making a sexual proposition, while the State contended the fight began when the

1

other individual, upon approaching his own car, discovered petitioner in the car and in the process of removing electronic equipment from the car. Petitioner urges that his trial counsel was ineffective in failing to object to questions as to his motion for appointment of a cross-racial identification expert and his refusal to submit a handwriting exemplar, forcing him to claim attorney-client privilege, and constituting prosecutorial misconduct. Additionally, he asserts that counsel was ineffective in failing to object to the prosecution's question as to an alleged sexual proposition, claiming that the question improperly used his post-arrest silence impermissibly for impeachment.

Upon review of the record, and for the reasons thoroughly set forth in the decision of the Iowa Court of Appeals noted above, the court concludes no prejudice resulted from the challenged questions, Strickland v. Washington, 466 US 668 (1984), and the Iowa Court of Appeals did not unreasonably apply that standard to the facts of petitioner's case. The question posed with regard to the sexual proposition was harmless beyond a reasonable doubt, Chapman v. California, 386 US 18, 24 (1967), and the evidence of petitioner's guilt was overwhelming. Error, if any, lacked a substantial and injurious effect. Brecht v. Abrahamson, 507 US 619, 629 (1993). It is the court's further view that the standards for a certificate of appealability are not met, see 28 USC §2253(c)(2), and therefore no certificate of appealability will issue.

It is therefore

ORDERED

Denied.

A certificate of appealability shall not be issued.

March 18, 2010.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT